IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Arick R Evans, | ) | |
|         Plaintiff, | ) | Civil Action No. 6:23-cv-05799-TMC |
| vs. | ) | **ORDER** |
| Captain Micheal Rasar and Sergeant Christopher James, | ) | |
|         Defendants. | ) | |

Plaintiff Arick Evans, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed this action against Captain Michael Rasar on November 13, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On December 6, 2023, the magistrate judge issued an order, informing Plaintiff that his complaint, as presented, was subject to summary dismissal. (ECF No. 10). The magistrate judge granted Plaintiff fourteen (14) days to file an amended complaint along with any appropriate service documents. *Id*. Plaintiff filed an amended complaint naming both Captain Michael Rasar and Sergeant Christopher James as defendants on January 24, 2024. (ECF No. 22).

On February 8, 2024, the magistrate judge issued his report and recommendation ("Report"), recommending Plaintiff's claim of excessive force against defendant Sergeant James be allowed to proceed. (ECF No. 30 at 4). He further recommended that the undersigned dismiss all other remaining claims as well as defendant Captain Rasar with prejudice, without further leave to amend, and without issuance and service of process because Plaintiff failed to file an amended

1

complaint to cure the deficiencies identified in the order issued on December 6, 2023 at ECF No. 10. *Id*. The Report notified Plaintiff of his right to file objections thereto. *Id*. at 6. It was mailed to Plaintiff at the address he provided to the court, (ECF No. 31), but has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 30), which is incorporated herein by reference. Accordingly, Plaintiff's claim against Sergeant James as to the use of excessive force may proceed. However, Captain Rasar and Plaintiff's remaining claims shall be **DISMISSED with prejudice**, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 4, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.