IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Arick R. Evans, ) | |
| ) | Civil Action No. 6:23-cv-5799-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Sgt. Christopher James, ) | |
| ) | |
| Defendant. ) | |

      This matter is before the court on the defendant's motion for summary judgment (doc. 45). The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. At the time of the events alleged in his complaint, the plaintiff was a pretrial detainee in the Barnwell County Detention Center ("BCDC").[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

## **PROCEDURAL HISTORY**

      On November 13, 2023, the plaintiff filed a complaint against BCDC officers Capt. Michael Rasar and defendant Sgt. Christopher James alleging the use of excessive force against him (doc. 1). The plaintiff then filed an amended complaint on January 24, 2024 (doc. 22). On February 8, 2024, the undersigned filed a report and recommendation recommending that the plaintiff's excessive force claim against Capt. Rasar be dismissed (doc. 30). The plaintiff did not file objections to the report and recommendation, and it was

---

[1] The plaintiff is now incarcerated in the South Carolina Department of Corrections (doc. 43).

adopted by the Honorable Timothy M. Cain, now Chief United States District Judge, in his order dated March 4, 2024 (doc. 35). On March 13, 2024, the defendant filed his answer to the amended complaint, denying that he used excessive force against the plaintiff or otherwise violated his constitutional rights (doc. 39). On April 24, 2024, the defendant filed his motion for summary judgment now at issue (doc. 45). The following day, by order of this court pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and dismissal procedure and the possible consequences if he failed to respond adequately (doc. 46). On May 13, 2024, the plaintiff filed a response in opposition to the motion for summary judgment (doc. 48). Accordingly, this matter is now ripe for review.

## ALLEGATIONS AND BACKGROUND

As alleged in his complaint and amended complaint,[2] the plaintiff was a pretrial detainee at the BCDC on August, 9, 2023, when the incident giving rise to his claim against the defendant occurred (docs. 1, 22). On that date, the plaintiff alleges he was taking a shower, and he was rudely instructed to exit the shower by Dep. Livingston (doc. 1, p. 5). The defendant also instructed the plaintiff to exit the shower. The plaintiff alleges the following happened next:

> I told [the defendant] ok that I got to put my jumpsuit on, but if [Dep. Livingston] says something else to me on my kids I'm not going to play. Then Dep. Livingston state on your kids you ain't going to do nothing. So, I . . . dart out the shower in Deputy Livingston's way. Then [the defendant] grab me and we got to tussling, that's when Deputy Straub steps in to help. As they slam me on the floor, my left knee jumps out of place. [The defendant] then sit on top of my stomach and chest, hit me a

---

[2]Though the plaintiff filed an amended complaint, he did not include the same two-page handwritten addition (doc. 1, pp. 5-6) to the statement of claim section that was part of his initial complaint. Out of abundance of caution, the undersigned has considered this detailed additional statement along with the allegations of the amended complaint here.

> couple of times in my face, then places his hand around my throat and choke me and say "Boy I'll end your life."

(*Id.*, pp. 5-6). Other officers – Dep. Glover, Sgt. Neal, and Lt. Cohen – arrived for backup, and the plaintiff was handcuffed and escorted to lockup (*id.* at 6). The plaintiff alleges that he was injured, suffering a sore throat and an injured knee that continues to pop out of place (*id.*, p. 8). The plaintiff alleges that the incident was captured on video and that Dep. Cohen told him that she saw the incident on camera, with the defendant's hand around the plaintiff's neck (*id.*, pp. 7-8; doc. 22, p. 10).

With his motion for summary judgment, the defendant provides his own affidavit (doc. 45-2); affidavits from the officers involved: Dep. Livington (doc. 45-3), Dep. Glover (doc. 45-4), Dep. Straub (doc. 45-5), and Sgt. Neal (doc. 45-7); and affidavits from other officials at the BCDC who were involved in the resulting administrative review or hearing process: Dep. Cohen (doc. 45-6), Dir. Rasar (doc. 45-8), Dep. Priester (doc. 45-9), and Dep. Williams (doc. 45-10). Also submitted are BCDC intake and incident reports (doc. 45-11) and the plaintiff's medical records following the incident (doc. 45-12).

The defendant and Deputies Livingston, Glover, Straub all attest that the plaintiff was threatening Dep. Livingston when he was directed to exit the shower. Upon his exit, the plaintiff charged toward Dep. Livingston in an aggressive manner (doc. 45-2, James aff.; doc. 45-3, Livingston aff.; doc. 45-4, Glover aff.; doc. 45-5, Straub aff.). The defendant stepped between them and took the plaintiff to the floor by his arms, while Dep. Straub held the plaintiff's legs (doc. 45-2, James aff.; doc. 45-3, Livingston aff.; doc. 45-4, Glover aff.; doc. 45-5, Straub aff.). The plaintiff continued to resist restraint until Deputies Cohen and Neal arrived to assist with handcuffing him (doc. 45-2, James aff.; doc. 45-3, Livingston aff.; doc. 45-4, Glover aff.; doc. 45-5, Straub aff.; doc. 45-6, Cohen aff.; doc. 45-7, Neal aff.). The defendant denies sitting on the plaintiff, wrapping his hands around his

3

throat, or otherwise choking him (doc. 45-2, James aff.). Once handcuffed, the plaintiff was escorted off the unit to the nurse's station for medical treatment, as he complained about his knee (*id.*). However, he refused medical attention, saying "Naw, I'm good, I don't need no assistance" (*id.*; doc. 45-12, p. 1). BCDC's medical records reveal that the plaintiff reported pain in his knee days later, though a subsequent x-ray revealed that the knee was "intact, with no fracture or dislocation" (doc. 45-12, pp. 2-4). These records also show that over the following months, the plaintiff received medical attention for tooth pain and a stomach infection, but he made no further mention of knee pain, nor any mention of throat pain at all (*id.*).

The incident was captured on video and was viewed by BCDC Director Rasar, and Deputies Priester and Williams, who served on the resulting disciplinary hearing board (doc. 45-8, Rasar aff.; doc. 45-9, Priester aff.; doc. 45-10, Williams aff.). The disciplinary hearing officer, relying in part on the video evidence, found the plaintiff guilty of assault and imposed sanctions against him (doc. 45-8, Rasar aff.; doc. 45-9, Priester aff.; doc. 45-10, Williams aff.). The defendant and the affiants attest that following the disciplinary hearing the video was lost, and, as such, it is not submitted as evidence here (doc. 45-2, James aff.; doc. 45-8, Rasar aff.; doc. 45-9, Priester aff.; doc. 45-10, Williams aff.).

## **APPLICABLE LAW AND ANALYSIS**

### *Summary Judgment*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a

reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

*Video Evidence*

It is undisputed that a video of the incident existed and was indeed used as evidence at the plaintiff's disciplinary hearing at BCDC. The affiants attest that the video depicted the plaintiff "moving aggressively toward Deputy Livingston" (doc. 45-9, Priester aff.) and did not depict "[the defendant] Sergeant James, nor any other officer, strike, choke, or sit on" the plaintiff (doc. 45-10, Williams aff.), while the plaintiff alleges that the video would support his version of the incident (doc. 1, p. 7; doc. 48). As the video has since been lost and is not part of the record here, the court declines to consider the affidavit evidence related to the contents of the video. Without the video in evidence, any such statements are inadmissable as violations of the best evidence rule. *See* Fed. R. Evid.

5

1002 ("An original . . . recording . . . is required in order to prove its content . . . ."). Accordingly, the court will consider the motion for summary judgment without this affidavit evidence.

*Excessive Force*

As the plaintiff was a pretrial detainee at the time of the incident at issue, the Due Process Clause of the Fourteenth Amendment governs this claim. *Kingsley v. Hendrickson*, 576 U.S. 389, 400-01 (2015). "[T]he appropriate standard for a pretrial detainee's excessive force claim is solely an objective one," and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable," regardless of the officer's state of mind. *Id.* at 397; *see Dilworth v. Adams*, 841 F.3d 246, 255 (4th Cir. 2016). "[O]bjective reasonableness turns on the facts and circumstances of each particular case," and a "court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 135 U.S. at 397. A court may consider the following non-exclusive list of factors in determining whether the force was objectively reasonable or not:

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Id.* (citation omitted). "Because the standard is an objective one, the court is not concerned with the officers' motivation or intent. Moreover, it is appropriate to determine whether the force used was objectively reasonable in full context, as a segmented view of the events misses the forest for the trees." *Duff v. Potter*, 665 F. App'x 242, 244 (4th Cir. 2016) (internal citation and quotation marks omitted).

The court finds that the defendant did not violate the plaintiff's constitutional rights, as the force he applied to prevent the plaintiff from advancing on Dep. Livingston was objectively reasonable.  As an initial matter, the defendant's motion for summary judgment is supported by sworn affidavits from the officers involved and BCDC records, while the plaintiff's response in opposition merely repeats his unsworn allegations.  "[A] party cannot withstand summary judgment by relying solely on his own self-serving allegations unsupported by any corroborating evidence." *Pronin v. Johnson*, 628 F. App'x 160, 161 (4th Cir. 2017).

The affidavits in the record establish that the plaintiff was making threatening remarks to Dep. Livingston, then moved aggressively toward her, causing the defendant to intervene (James aff., doc. 45-2; Livingston aff., doc. 45-3; Glover aff., doc. 45-4; Straub aff., doc. 45-5).  This description is consistent with the plaintiff's own allegations, as he admits that he "darted" towards Dep. Livingston as he exited the shower (doc. 1, p. 5).  The defendant's perception of the threat posed by the plaintiff to Dep. Livingston was clearly reasonable, and his resulting use of force to stop the plaintiff was appropriate.  The amount of force applied by the defendant – grabbing the plaintiff's arms and taking him to the floor to be restrained – was not excessive or unreasonable.

The plaintiff alleges that once he was on the on the floor, the defendant sat on him, then hit and choked him; however, none of the testimony submitted by the witnesses support these allegations.  Instead, the officers attest that they did not observe the defendant use any unreasonable or unnecessary force during the incident, despite the plaintiff continuing to resist, requiring the defendant and Dep. Straub to hold the plaintiff down until backup officers arrived to help handcuff him (doc. 45-2, James aff.; doc. 45-3, Livingston aff.; doc. 45-4, Glover aff.; doc. 45-5, Straub aff.).

The plaintiff alleges that the force applied by the defendant dislocated his knee and injured his throat.  However, the plaintiff refused medical attention immediately

after the incident, telling the nurse's station, "Naw, I'm good, I don't need no assistance" (doc. 45-2, James aff.; doc. 45-12, p. 1). BCDC medical records also show that when the plaintiff complained about his knee days later, a resulting x-ray showed that his knee was "intact, with no fracture or dislocation" (doc. 45-12, pp. 3-4). These same medical records reveal that despite the plaintiff receiving medical care for his tooth and stomach in the month following the incident, he failed to seek additional treatment for his knee, and never reported throat pain (*id*., p. 2). To the extent the plaintiff was injured as a result of the force applied by the defendant, these injuries were minimal and not of constitutional concern.

Having considered the evidence presented here in light of the *Kingsley* factors, the undersigned concludes that the defendant's use of force against the plaintiff was objectively reasonable, and his motion for summary judgment should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the court recommends that the defendant's motion for summary judgment (doc. 45) be granted.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

September 6, 2024
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).