IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Arick R. Evans, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-cv-05799-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sergeant Christopher James, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Arick R. Evans, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed this action on November 13, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 8, 2024, the magistrate judge issued his first report and recommendation in this case, recommending Plaintiff's claim of excessive force against Defendant Sergeant Christopher James be allowed to proceed and that the undersigned dismiss all other remaining claims as well as Defendant Captain Michael Rasar with prejudice, without further leave to amend, and without issuance and service of process. (ECF No. 30). Though the magistrate judge advised Plaintiff of his right to file objections, (*id*. at 6), Plaintiff declined to do so, and the undersigned issued an order adopting the first report and recommendation, (ECF No. 35).

Thereafter, Defendant James filed an answer to the amended complaint, (ECF No. 39), and a motion for summary judgment, (ECF No. 45). The court issued an order in accordance with *Roseborro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment

1

procedures and the possible consequences of failing to adequately respond to the motion. (ECF No. 46). Plaintiff subsequently filed a response in opposition to the motion. (ECF No. 48).

Now before the court is the magistrate judge's second report and recommendation ("Report"), recommending the undersigned grant Defendant James' summary judgment motion. (ECF No. 50). The magistrate judge again advised Plaintiff of his right to file objections to his Report. *Id*. at 9. The Report was mailed to Plaintiff at the address he provided to the court. (ECF No. 51). Shortly thereafter, Plaintiff advised the court of a change of address. (ECF No. 52). Accordingly, the Clerk's Office remailed the Report to Plaintiff's new address, (ECF No. 53), and it has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, he has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.

2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the second Report (ECF No. 50), which is incorporated herein by reference.  Accordingly, Defendant's motion for summary judgment, (ECF No. 45), is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
October 7, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.